Zheng v. Holder

BIA
Ferris, IJ
A077 293 667

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand thirteen.

PRESENT:
 ROBERT A. KATZMANN,
 GERARD E. LYNCH,
 DENNY CHIN,
  *Circuit Judges.*

_____

XIU LAN ZHENG,
  *Petitioner*,

 v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent*.

_____

12-182

NAC

| | |
|---|---|
| FOR PETITIONER: | H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, New York. |
| FOR RESPONDENT: | Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; S. Nicole Nardone, Trial Attorney, Office of |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Xiu Lan Zheng, a native and citizen of the People's Republic of China, seeks review of a December 15, 2011, decision of the BIA affirming the March 17, 2005, decision of Immigration Judge ("IJ") Noel Ann Ferris, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Lan Zheng*, No. A077 293 667 (B.I.A. Dec. 15, 2011), *aff'g* No. A077 293 667 (Immig. Ct. N.Y. City Mar. 17, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Zheng challenges only the agency's authority to find that her initial asylum application was frivolous. Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Before being barred from future immigration benefits for filing a frivolous asylum application, aliens are entitled to a variety of procedural safeguards, including notice of the consequences of filing a frivolous application. *See Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 180 (2d Cir. 2008); *Matter of Y-L-*, 24 I. & N. Dec. 151, 155 (BIA 2007). Specifically, the Immigration and Nationality Act provides that, "[a]t the time of filing an application for asylum, the Attorney General shall . . . advise the alien . . . of the consequences . . . of knowingly filing a frivolous application for asylum." 8 U.S.C. § 1158(d)(4)(A).

Zheng does not challenge the IJ's finding that her initial, later withdrawn, asylum application was frivolous, that is, materially false. *See Mei Juan Zheng*, 514 F.3d at 178. Rather, she argues that the agency erred as she did not receive adequate notice of the consequences of filing such an application because, prior to her initial filing, the IJ never gave her an oral warning regarding those consequences. However, nothing in the Immigration and Nationality Act requires that the warning be given orally or

3

by an IJ. *See* 8 U.S.C. § 1158(d)(4)(A). The asylum application Zheng filed and signed and submitted to the IJ on February 24, 2000 explained that "[a]pplicants determined to have made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act." Although Zheng now contends that she did not understand the notice, the record belies her argument, as she certified in a separate statement attached to her original application (both in English and in Chinese) that the contents of her application were true and correct and that she had been advised of the consequences of filing a false or frivolous application. Moreover, her attorney confirmed to the IJ at the February 24, 2000 hearing that Zheng "had been read the full fraud advisals" and knew that "if anything . . . is found to be untrue, . . . she will be barred for life from receiving any legal status in this country." Accordingly, Zheng received sufficient notice. *See Ribas v. Mukasey*, 545 F.3d 922, 929-30 (10th Cir. 2008) (concluding, as a matter of law, that the written warning on the form provides sufficient notice of the consequence of filing a frivolous application).

Zheng does not argue that the IJ failed to meet any other procedural safeguards associated with making a frivolousness finding. She did not acknowledge the false

4

statements in her original application until January 2001, when she submitted an amended application, although she had several opportunities to recant before that. On March 17, 2005, the IJ denied relief and ordered Zheng removed, both on the merits because the IJ found her not to be credible and because she had filed a frivolous application initially.

Because Zheng received adequate notice of the consequences of filing a frivolous application, the agency did not err in finding that she was barred from receiving future immigration benefits for filing a frivolous application.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5